**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE C.,[1] | Case No. 2:20-cv-08773-MAA |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

On September 24, 2020, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying her application for Supplemental Security Income pursuant to Title XVI of the Social Security Act.  This matter is fully briefed and ready for decision.  For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

///

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## ADMINISTRATIVE HISTORY

On December 19, 2017, Plaintiff protectively filed an application for Supplemental Security Income, alleging disability beginning on August 1, 2006. (Administrative Record [AR] 15, 74, 81.)  Plaintiff alleged disability because of spinal stenosis, scoliosis, nerve damage in her legs and back, a Vitamin D deficiency, anemia, and lumbar radiculopathy.  (AR 74.)  After Plaintiff's application was denied initially, she requested a hearing before an Administrative Law Judge ("ALJ").  (AR 15, 92-94.)  On January 28, 2020, at a hearing at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert.  (AR 28-63.)

In a decision dated February 27, 2020, the ALJ denied Plaintiff's disability claim after making the following findings pursuant to the Commissioner's five-step evaluation.  (AR 15-23.)  Plaintiff had not engaged in substantial gainful activity since December 19, 2017, the application date.  (AR 17.)  She had severe impairments consisting of the following: degenerative disc disease of the lumbar spine, spinal stenosis, lumbar radiculopathy, peripheral neuropathy, mild scoliosis, history of gastric bypass, chronic pain syndrome, and status post right SI fusion.  (*Id*.)  She did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.  (AR 18.)  She had a residual functional capacity for light work with some postural limitations.  (*Id*.)  She could perform her past relevant work as a dental assistant.  (AR 22.)  In the alternative, she could perform other work in the national economy, in the occupations of laundry sorter, bakery wrapper, and cafeteria attendant.  (AR 23.)  In sum, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.  (*Id*.)

On September 10, 2020, the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  Thus, the ALJ's decision became the final decision of the Commissioner.

# DISPUTED ISSUES

The parties raise three disputed issues:

1. Whether the ALJ failed to properly consider a closed period of disability;

2. Whether the ALJ properly considered Plaintiff's obesity; and

3. Whether the ALJ properly developed the record.

(ECF No. 30, Parties' Joint Motion ["Joint Motion"] at 2.)

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue One, based on the absence of discussion in the administrative decision relating to medical evidence covering an

approximate two-year period preceding Plaintiff's right sacroiliac joint fusion. Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**A.    Consideration of Medical Evidence (Issue One).**

    **1.    Legal Standard.**

Ninth Circuit cases do not require "ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing *Treichler*, 775 F.3d at 1103 ("[T]he ALJ's analysis need not be extensive.")). An ALJ is "not required to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Nonetheless, an ALJ "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*per curiam*) (citation and internal quotation marks omitted). "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citing *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)). "[T]he treatment records must be viewed in light of the overall diagnostic record." *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The ALJ must consider the medical evidence for all relevant periods of alleged disability. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (substantial evidence did not support an ALJ's residual functional capacity determination where he failed to explain his dismissal of evidence of limitations covering a five-year period).

### 2. Analysis.

Plaintiff claims that the ALJ did not give proper consideration to medical evidence covering a period of approximately two years, from her application date of December 19, 2017 until the date she had a right sacroiliac joint fusion on September 18, 2019. (Joint Motion at 3.) Because the ALJ's decision contains little discussion of the evidence for this period, and because significant and probative evidence originated during this period, Plaintiff's argument is well taken.

The ALJ's discussion of the medical evidence focused on the period after Plaintiff's right sacroiliac joint fusion on September 18, 2019. The decision noted that Plaintiff had "no operative complications and made excellent progress" (AR 19), that Plaintiff remained "stable" during postoperative visits (AR 20), and that Plaintiff's "surgery was effective in alleviating her symptoms and improving her functional abilities" (AR 21).

This discussion, however, did not account for conflicting clinical evidence for the two-year period preceding the surgery. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings"). For example, the decision did not mention a pre-surgery MRI that showed degenerative disc disease with foraminal stenosis (AR 6186), which was significant and probative evidence. *See Kelly v. Berryhill*, 732 F. App'x 558, 562 (9th Cir. 2018) (ALJ erred in failing to discuss relevant, competent evidence consisting of an MRI that showed abnormal findings).

Likewise, other pre-surgery evidence was not discussed. That evidence consisted of treatment notes demonstrating, for example, that Plaintiff complained of persistent pain despite taking eight Tramadol tablets per day (AR 5306, 5332, 5353, 5625, 5644, 6012); that she had decreased range of motion and spasms in her back (AR 5380-81, 5836, 5974, 6071); that she was prescribed a cane (AR 5975) and had an antalgic gait (AR 6012, 6071); and that she had an injection to her right

sacroiliac joint (AR 6286), which she claimed gave her pain relief for only two days (AR 6488). This evidence was significant and probative because it called into question Plaintiff's ability to perform the walking and standing requirements for light work, as set out in the residual functional capacity determination. (AR 18.) Light work "requires a good deal of walking or standing." Social Security Ruling 83-10, 1983 WL 31251, at *5. Thus, this evidence should have been considered and discussed. *See Standen v. Saul*, 774 F. App'x 395, 396 (9th Cir. 2019) (ALJ erred in failing to discuss portions of the medical evidence relating to the claimant's surgery, which would have been inconsistent with the residual functional capacity determination of light work).

In sum, the discussion of the medical evidence did not reflect consideration of significant and probative evidence covering the period of approximately two years preceding Plaintiff's surgery. *See Robbins*, 466 F.3d at 884-85. Thus, reversal is warranted.

**B.     Remand for Further Administrative Proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, significant and probative evidence for the relevant periods of alleged disability was not discussed. It is appropriate in that circumstance to remand the matter for further administrative proceedings. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (where an ALJ's decision did not demonstrate consideration of

all relevant medical evidence, it is appropriate to remand the matter to the agency for comment on that evidence).

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: January 20, 2022

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE